IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
February 3, 2026

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

CANDACE E.,
Petitioner Below, Petitioner

v.) No. 25-ICA-262          (Fam. Ct. Kanawha Cnty. Case No. FC-20-2021-D-1166)

MICHAEL E.,
Respondent Below, Respondent


**MEMORANDUM DECISION**

Petitioner Candace E. ("Mother") appeals the Family Court of Kanawha County's June 12, 2025, final order reducing Respondent Michael E.'s ("Father") child support obligation due to an adoption subsidy.[1] Father responded in support of the family court's decision.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mother and Father were divorced by order entered on May 18, 2022. They share two biological children and three adopted children. The divorce order granted the parties equal parenting time and decision-making authority, and they waived child support.[3] The parties receive $1,800.00 per month through the West Virginia Department of Human

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] While this May 18, 2022, order is not the subject of the current appeal, we note that the Supreme Court of Appeals of West Virginia has made clear that "[t]he duty of a parent to support a child is a basic duty owed by the parent to the child, and a parent cannot waive or contract away the child's right to support." *Rebecca C. v. Michael B.*, 213 W. Va. 744, 745, 584 S.E.2d 600, 601 (2003).

1

Services' ("DHS") adoption program as an adoption subsidy, which is the subject of this appeal.

In late 2022, Father filed a motion to amend or supplement the final divorce order, requesting that the family court determine the appropriate disbursement of the $1,800.00 subsidy between the parties. The family court conducted a hearing on Father's motion on December 5, 2022. By order entered December 9, 2022, the family court divided the subsidy, granting Mother $1,000.00 and Father $800.00 of the subsidy per month because at that time, the parties were exercising equal shared custodial allocation, or 50-50 custody.

Thereafter, Mother filed a petition for modification, requesting that the court calculate child support and modify the parties' custody arrangement. On January 31, 2024, a hearing was held on Mother's motion. The parties reached an agreement on custody, granting Mother primary residential parenting status of the two biological children, and ordering Father to attend reunification counseling with the two biological children. The court calculated Father's child support obligation at $840.80 per month. Because Father received $800.00 monthly from the adoption subsidy, the parties agreed to deviate from the child support formula's calculation and set it at $800.00, which would allow Mother to receive the full $1,800.00 adoption subsidy each month. The family court entered the order modifying the parties' custodial allocation and Father's child support obligation on February 12, 2024.

Sometime thereafter, the family court held another custody hearing. By order entered on May 13, 2024, the family court granted Mother sole custody and decision-making authority for the parties' two biological children, but ordered equal custody allocation of the three adopted children.

In March of 2024, Child Protective Services ("CPS") opened an investigation against Father for child abuse of the three adopted children. During the investigation, CPS removed the children from Father's home for ten days. CPS subsequently dismissed this investigation and allowed Father to resume exercising his parenting time. In December of 2024, CPS opened a second investigation against Father for child abuse of the three adopted children. CPS again removed the children from Father's home for ten days. At the end of this investigation, CPS returned the children to Father's home under the condition that CPS would monitor all of Father's visits for six months to a year.

In early 2025, Father filed a petition for custody modification, asking the court to grant Mother sole custody of the three adopted children and to reduce his parenting time with them. The family court held a hearing on Father's petition on March 26, 2025. At that hearing, Father testified that it would be best if Mother had sole custody and decision-making authority for all five children. The family court entered its final order granting Father's petition for modification on June 12, 2025, awarding Mother sole custody and decision-making authority of all children and discretion to allow the children to visit with

2

Father. Accordingly, the court recalculated Father's child support obligation for all five children and ordered Father to pay Mother $1,334.33 in monthly child support. The court held that the entire amount of the $800.00 adoption subsidy was to go directly to Mother, with Father paying the remaining $534.33. However, the court also ordered that Father may use his portion of the adoption subsidy to pay his child support obligation.[4] Mother now appeals the family court's June 12, 2025, order.

For these matters, we apply the following standard of review.

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises one assignment of error. She asserts that the family court erred when it permitted Father to use adoption subsidy funds to pay his child support obligation, particularly when he voluntarily relinquished all his parenting time and decision-making authority to her. Although Mother's argument may have merit, we are unable to reach a conclusion on this matter because the final order lacks sufficient analysis for meaningful appellate review. The Supreme Court of Appeals of West Virginia ("SCAWV") has said that to properly review an order of a family court:

[t]he order must be sufficient to indicate the factual and legal basis for the [family court's] ultimate conclusion so as to facilitate a meaningful review of the issues presented. *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record.") "Where the lower tribunals fail to meet this standard – *i.e.* making only general, conclusory, or inexact findings – we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

---

[4] In the comment section at the bottom of the court's formula calculating Father's current child support obligation, which was attached to the order, the court states that "[t]here is a stipend for the three minor children. Dad's portion of the stipend is $800. The entire amount will go directly to mom. Dad will pay $534.33 directly to mom in addition to the stipend." However, the court did not include this language in the order.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013). Upon review, the family court's order does not contain sufficient findings of fact, conclusions of law, or analysis relevant to the calculation of child support as required by the child support guidelines. *See* West Virginia Code §§ 48-11-101-108 (2001); 48-13-101-902 (2001) and 48-1-228(a) (2001). Further, the court failed to include in its order an analysis of the DHS Adoption Policy Handbook regarding adoption subsidies after divorce.

Accordingly, we vacate and remand to the Kanawha County Family Court with directions to consider the applicable West Virginia Code sections as well as the applicable section(s) of the DHS Adoption Policy Handbook, recalculate child support, and to enter a new order containing sufficient findings of fact, conclusions of law, and analysis explaining how it reached its calculations. The June 12, 2025, order shall be converted to a temporary order.

Vacated, and Remanded, with Directions.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

4